United States District Court
Southern District of Texas
**ENTERED**
December 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIA ROBINSON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-20-3760 |
| § | |
| ETHICON, INC., et al., § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to exclude expert testimony of Michael Thomas Margolis, M.D., filed by defendants Ethicon, Inc., Johnson & Johnson, and Ethicon, LLC (collectively "Ethicon").[1] Dkt. 126. Upon consideration of the motion, response, reply, joint status report, and the applicable law, the court finds that the motion should be DENIED.

## I. LEGAL STANDARD

The U.S. Supreme Court acknowledged in *Daubert v. Merrell Dow Pharmaceuticals* that Federal Rule of Evidence 702 serves as the proper standard for determining the admissibility of expert testimony. 509 U.S. 579, 597-98, 113 S. Ct. 2786 (1993). The party offering expert testimony has the burden to prove by a preponderance of the evidence that the proffered testimony satisfies the admissibility requirements of Federal Rule of Evidence 702. *Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based

---

[1] Ethicon, LLC, was a party at the time the instant motion was filed, but the parties have since filed a stipulation of dismissal as to Ethicon, LLC, only. Dkt. 153.

> on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under *Daubert*, a trial court acts as a "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93; *see also Kumho Tire v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167 (1999); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (5th Cir. 2002). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire*, 526 U.S. at 147. Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Nonetheless, courts need not admit testimony that is based purely on the *ipse dixit* of the expert. *GE v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512 (1997); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

In addition to being qualified, an expert's methodology for developing the basis of his or her opinion must be reliable. *Daubert*, 509 U.S. at 592-93; *Moore*, 151 F.3d at 276. "The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Moore*, 151 F.3d at 276. Even if the expert is qualified and the basis of her opinion is reliable, the underlying methodology must have also been correctly applied to the case's particular facts for her testimony to be relevant. *Daubert*, 509 U.S. at 593; *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). The party proffering expert testimony has the burden of establishing by a preponderance of the evidence that the challenged expert testimony is admissible. *See* Fed. R. Evid. 104(a); *Moore*, 151 F.3d at 276. The proponent does not have to demonstrate that the testimony is correct, only that the expert is qualified, and that the testimony is relevant and reliable. *Moore*, 151 F.3d at 276.

2

## II. ANALYSIS

As a preliminary matter, the parties agree that rulings occurring after the motion to exclude was filed have rendered the issues addressed in Part III of Ethicon's brief moot. Accordingly, the court considers that aspect of the motion withdrawn.

In Part I of the motion, Ethicon requests that the court preclude Margolis from using exaggerated or hyperbolic language when he testifies. Dkt. 126. It provides examples from past trials in which it contends Margolis used extreme exaggerations or overstatements with little probative value to inflame the jurors and prejudice Ethicon. *Id.* One such example compared the potential for recurrent erosion or exposure to a volcano that is dormant and eventually blows. *See id.* Robinson argues that this matter is better suited to a motion in limine than a *Daubert* motion. Dkt. 141. Moreover, Robinson asserts that it appears that the snippets of testimony with which Ethicon takes issue are analogies used to make complex concepts easier for lay people to understand. *Id.* Robinson notes that the very purpose of expert testimony is to assist the trier of fact. *Id.* The court agrees with Robinson that this issue is more properly considered at the motion in limine stage and that using analogies is often helpful to the jury. The motion to exclude testimony that Ethicon considers hyperbolic is DENIED at this point, but the court is willing to consider this issue at the motion in limine stage.

Part II of the motion seeks exclusion of Margolis's testimony about the potential for degradation of Ethicon's TVT mesh as unreliable. Dkt. 126. Ethicon asserts that Margolis cannot identify any studies that show TVT mesh is capable of clinically significant degradation and has no clinical literature to support his theory that degraded polypropylene mesh particles increase the inflammatory response. *Id.* Ethicon points to some specific studies relied upon by Margolis that it contends are unreliable. *Id.* Robinson argues that that Ethicon's challenges are more suited to

3

cross examination than a *Daubert* motion. Dkt. 141. She asserts that Margolis has disclosed significant medical literature upon which he relied and provides a specific article that describes the inflammation-degradation cycle. *Id.* Ethicon argues that the article is unreliable because it addresses polypropylene meshes in general and not Ethicon's TVT mesh specifically, but Robinson asserts that this is a distinction best brought out in cross examination. *Id.*

Ethicon's unreliability argument is that its TVT mesh, unlike polypropylene meshes in general, is not prone to oxidation and that thus a study about polypropylene, which is prone to oxidation, does not support that its TVT mesh will degrade. Dkt. 126. There is no indication that the article itself is unreliable but rather whether it is appropriate for Margolis to apply the research discussed to TVT mesh. As Robinson suggests, this goes to the weight of the evidence, not its admissibility. Ethicon is free to vigorously cross examine Margolis about his opinion that this article applies to TVT mesh, but the court does not believe this distinction is sufficient to exclude the testimony entirely under *Daubert*. Accordingly, the motion to exclude is DENIED.

### III. CONCLUSION

Ethicon's motion to exclude Margolis's testimony (Dkt. 126) is DENIED.

Signed at Houston, Texas on December 2, 2021.

_____
Gray H. Miller
Senior United States District Judge